RECEIVED
IN LAFAYETTE, LA.
AUG 1 4 2012
TONY R. MOORE, CLERK
BY_____
       DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

JOHN FAVARON            CIVIL ACTION NO. 12-0393

VERSUS                  JUDGE DOHERTY

NATIONAL UNION FIRE INS. CO., ET AL.      MAGISTRATE JUDGE HILL

## MEMORANDUM RULING AND ORDER

Pending before this Court is the "Motion for Relief from Entry of Default" [Doc. 19] filed by defendant State National Insurance Company ("State National"). In the motion, State National seeks relief from the Entry of Default entered against it by the Clerk of Court on July 2, 2012 [Doc. 15]. The motion is unopposed. Finding good cause exists to set aside the entry of default, the instant motion is GRANTED in its entirety.

The record shows this matter was filed in state court by plaintiff John Favaron against defendants National Union Fire Insurance Company, Reginald Richey, G&P Trucking Company, Inc., and State National Insurance Company. The matter was removed to this Court on or around February 10, 2012, however, when counsel for defendants National Union Fire Insurance Company, Reginald Richey, and G&P Trucking Company, Inc., removed the case to federal court, for unknown reasons, he failed to notice either State Union or its counsel that the matter had been removed. Furthermore, he did not include State National or its counsel in his list of interested attorneys and parties in the state court action.[1] Therefore, State National did not receive notice of the pending suit

---

[1] The "List of Attorneys and Parties in State Court Action" filed by Mr. Alsterberg lists the following individuals/parties: Luke Edwards, counsel for the plaintiff; plaintiff John Favaron; Evan Plache and Justin Alsterberg, counsel for National Union Fire Insurance Company, Reginald Richey, and G&P Trucking Company, Inc., as well as defendants National Union Fire Insurance Company, Reginald Richey, and G&P Trucking Company, Inc. [Doc. 1-3].

in this court until the Clerk of Court filed an Entry of Default against State National on July 2, 2012 [Doc. 15].

Unbeknownst to State National, by the time the entry of default was entered against it, State National had already been dismissed from the lawsuit and reinstated as a party defendant. That sequence of events began on April 10, 2012, when the Clerk of Court issued a "Notice of Intent to Dismiss" as to State National, for failure of the plaintiff to prosecute its case against State National [Doc. 8]. Thereafter, on May 4, 2012, the Clerk of Court dismissed State National from the case [Doc. 9], stating the case against State National could be reinstated within thirty days for good cause shown. Within that thirty day time period, counsel for plaintiff filed a "Motion to Reopen/Reinstate Case Against State National" [Doc. 10], arguing at the time the Clerk of Court issued the "Notice of Intent to Dismiss," plaintiff's counsel had been in the process of moving locations and had difficulties locating his client to discuss the plaintiff's intent as to how to proceed against State National. Plaintiff's counsel also stated he wished for the case to be reopened so he could file a Motion for Default Judgment against State National. It does not appear from the record that Luke Edwards, plaintiff's counsel, served a copy of his "Motion to Reopen/Reinstate" on either State National or its counsel.

Finding good cause existed to reopen/reinstate the case against State National, this Court granted the motion [Doc. 12]. On the same date the motion was granted, the Clerk of Court entered into the record a letter from Mr. Edwards, dated June 1, 2012, to the Clerk of Court, asking that the letter serve as a request "for entry of default " against State National [Doc. 13]. As with his motion to reopen/reinstate, it does not appear from the record that Mr. Edwards served a copy of this June 1, 2012 letter on either State National or its counsel. Thereafter, on July 2, 2012, the Clerk of Court

filed a "Clerk's Entry of Default" against State National on July 2, 2012 [Doc. 15].

In the instant motion, State National argues the July 2, 2012 Entry of Default was State National's first notice that the case filed against it in state court had been removed and was pending in this Court. State National argues it received notice of the Clerk's Entry of Default on or around July 9, 2012, and immediately attempted to file its Answer, on July 12, 2012. However, the Clerk of Court issued a deficiency notice [Doc. 18] to State National on July 16, 2012 in connection with the filing of the proposed Answer, advising State National it must first set aside the preliminary Entry of Default before it can properly file its Answer into the record. Consequently, on the same day it was so notified, State National filed the instant "Motion to Set Aside Default [Doc. 19].

It is well-settled "[f]or good cause shown the court may set aside an entry of default...." Fed. R. Civ. P. 55(c). "[T]he requirement of 'good cause' ... ha[s] generally been interpreted liberally." *Effjohn Int'l Cruise Holdings, Inc. v. A&L Sales, Inc.*, m346 F.3d 552, 563 (5th Cir. 2003), *citing Amberg v. Federal Deposit Ins. Corp.*, 934 F.2d 681, 685 (5th Cir. 1991). Three factors are examined for determining "good cause:" (1) whether the failure to act was willful; (2) whether setting the default aside would prejudice the adversary; and (3) whether a meritorious claim has been presented. *Effjohn*, 346 F.3d at 563, *citing Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000). These factors are not exclusive; instead, they are to be regarded simply as a means to identify good cause. *Effjohn*, 346 F.3d at 563, *citing Dierschke v. O'Cheskey*, 975 F.2d 181, 184 (5th Cir.1992). Other factors may be considered, such as whether the party acted expeditiously to correct the default. *Id.*

After considering the facts and record of this case, this Court concludes State National's failure to file an Answer in this matter was not willful; indeed, State National did not have notice that the case had been removed and was pending in this Court until it was served with a copy of the

Clerk's Entry of Default on July 2, 2012. Similarly, the second factor weighs in favor of setting aside the default. Here, the matter has not substantially progressed, as the case has been pending in this Court for the relatively short period of six months, no scheduling order has been entered, no trial date has been set, and discovery has not begun. Finally, with respect to the third factor, this Court concludes, on its face, the plaintiff has presented a meritorious claim against State National, arguing State National had in full force and effect a policy of uninsured motorist insurance coverage for the damages sued upon in the original petition. Finally, this Court finds State National acted expeditiously to correct the default as soon as it received notice that the lawsuit was pending against it in this Court.

The record shows a troubling confluence of events occurred in this matter, all depriving State National and/or its counsel of notice of the pending case, beginning with defense counsel's failure to include State National or its counsel in the removal documents and failure to serve State National with a copy of the removal documents, and including Mr. Edwards's failure to serve notice of his letter to the Clerk of Court asking for a default judgment on State National and/or its counsel. There may be a good reason State National did not get notice along the way, yet no party has filed a response to the instant motion to explain why notice was never given to State National and/or its counsel of the removal or the filing of motions seeking a default against it.

Regardless, this Court concludes State National has demonstrated good cause for the preliminary entry of default to be set aside. Considering the foregoing, it is ORDERED that the "Motion for Relief from Entry of Default" [Doc. 19] filed by defendant State National Insurance Company is GRANTED, and the "Clerk's Entry of Default" [Doc. 15] is hereby VACATED. State

National shall file its answer into the record of this matter within the usual delays allowed by law, and the matter shall proceed in ordinary course.

THUS DONE AND SIGNED in Lafayette, Louisiana, this 14 day of August, 2012.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE